**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
(212) 752-8000
(212) 752-8393 Facsimile
Nolan E. Shanahan, Esq.

*Attorneys for Piano I, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TAOCON, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 16-13190 (SMB) |

**MOTION OF PIANO I, LLC FOR ENTRY
OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004
(I) AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE
PROVISION OF TESTIMONY TO CERTAIN OF THE DEBTOR'S PRINCIPALS
AND (II) COMPELLING THE PRODUCTION OF DOCUMENTS BY THE DEBTOR**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

Piano I, LLC ("Piano"), by and through its undersigned counsel, hereby submits this Motion (the "Motion") for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), substantially in the form attached hereto as Exhibit A (the "Proposed Order"), and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief requested herein is warranted under Bankruptcy Rule 2004.

## BACKGROUND

A. **The Chapter 7 Case**

3. On November 16, 2016, Taocon, Inc. ("Debtor") filed a voluntary petition for relief (the "Petition") under chapter 7 of title 11 of the United States Code.

4. Piano is listed in both the Petition and amended Schedule E/F as holding a general unsecured claim against the Debtor in the amount of $0.00. See Docket Nos. 1, 16.

5. On November 21, 2016, Kenneth Silverman was appointed as chapter 7 trustee of the Debtor (the "Trustee").

B. **Relationship Between Piano and the Debtor**

6. Piano and the Debtor are parties to (i) a Standard Form of Agreement Between Owner and Construction Manager as Constructor, dated as of September 2, 2014 (the "Contract"); (ii) a related Guaranteed Maximum Price Amendment (the "Amendment"); and (iii) a related General Conditions of the Contract of Construction (the "General Conditions" and together with the Contract and the Amendment, the "GMP"), pursuant to which the Debtor agreed to, among other things, perform certain construction services (the "Project") with respect to certain real property located at 45 East 65th Street, New York, New York 10065 (the "Property").

7. From February 13, 2015 through July 29, 2016, the Debtor issued to Piano eighteen (18) Application and Certificate for Payment forms with respect to services allegedly provided by it and its subcontractors in connection with the Project under the GMP. During that period of time, the Debtor also made submissions to Piano and/or Piano's architect with respect to increased costs and extensions of time under the GMP.

2

8. Upon information and belief, no less than $1,753,278.08 of the amounts paid by Piano to the Debtor in connection with the Project that was intended for subcontractors, suppliers and vendors under the GMP was misappropriated to, and kept by, the Debtor.

9. In accordance with the terms of the GMP, Piano, through its counsel, made numerous written requests for documents it needed to complete the Project and determine the amounts due, if any, to subcontractors, vendors and suppliers. Piano is entitled to the requested documents under Section 14.4.5 of the General Conditions. See General Conditions § 14.4.5. Piano made its requests to the Debtor directly on September 26, 2016 and October 5, 2016, and to Debtor's counsel at the creditors' meeting on December 12, 2016 and by correspondence dated December 15, 2016, January 5, 2017, and February 14, 2017. As of the date hereof, Piano has yet to receive a substantive response to any of these requests.

10. On November 15, 2016, Piano filed a complaint against (i) Steven Lamazor, President of the Debtor, (ii) David Schlachet, Treasurer of the Debtor, (iii) Mark Grady, Vice President of Operations of the Debtor (collectively, the "Principals") and (iv) the Debtor in the Supreme Court of the State of New York, County of New York with respect to the GMP and the Project, which action is pending under Index No. 655304/2016.

11. On March 10, 2017, Piano filed a proof of claim against the Debtor in the amount of $1,753,278.08 with respect to above-mentioned payments under the GMP that were intended for subcontractors, suppliers and vendors of the Project but are believed to have been misappropriated to, and kept by, the Debtor.[1]

---

[1] The proof of claim subsequently was amended on March 13, 2017; however, the asserted claim amount remains the same.

3

**RELIEF REQUESTED**

12. Pursuant to Bankruptcy Rule 2004, Piano seeks entry of the Proposed Order (i) authorizing Piano to issue subpoenas compelling oral examination under oath to each of the Principals on all matters within the scope of Bankruptcy Rule 2004(b), to be conducted upon at least fifteen (15) days' prior written notice; and (ii) compelling the Debtor to respond to the document requests attached to the Proposed Order as Exhibit I within twenty (20) days of entry of the Proposed Order.

13. Piano will invite the Trustee and his counsel to attend the oral examinations and will provide the Trustee with a courtesy copy of any transcripts thereof, as well as copies of any documents produced.

**BASIS FOR RELIEF REQUESTED**

14. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Pursuant to Bankruptcy Rule 2004, a party in interest may seek both documents and oral discovery related to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Id. 2004(b), (c).

15. "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred." In re Recoton Corp., 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004); see also In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate . . . and for 'discovering

4

assets, examining transactions, and determining whether wrongdoing has occurred.'") (quoting In re Strecker, 251 B.R. 878, 882 (Bankr. D. Colo. 2000)).

16. Unlike discovery under the Federal Rules of Civil Procedure, discovery under Bankruptcy Rule 2004 can be used as a "pre-litigation discovery device." In re Wilson, 413 B.R. 330, 336 (Bankr. E.D. La. 2009). "No contested matter or adversary proceeding need be instituted as a prerequisite to conducting an examination under this rule." In re Almatis, No. 10-12308 (MG), 2010 WL 4877868, at *3 (Bankr. S.D.N.Y. Nov. 24, 2010). Consequently, a Bankruptcy Rule 2004 motion need not be tied to specific factual allegations at issue between parties. In re Symington, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (stating that Bankruptcy Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

17. Moreover, "the scope of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards. It can be legitimately compared to a fishing expedition." In re Drexel Burnham Lambert Grp., Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); see also Enron Corp., 281 B.R. at 840.

18. The decision whether to authorize the requested discovery rests within the discretion of the bankruptcy court. See, e.g., Bank One, Columbus, N.A. v. Hammond (In re Hammond), 140 B.R. 197, 200 (Bankr. S.D. Ohio 1992). Moreover, relief may be granted on an *ex parte* basis. Symington, 209 B.R. at 688 ("Rule 2004 motions are generally granted *ex parte*."); see also Chambers Rules of the Honorable Stuart M. Bernstein (permitting *ex parte* submission of Bankruptcy Rule 2004 orders).

5

19. Although Bankruptcy Rule 2004 discovery can properly go on a broad and unfettered "fishing expedition," the information sought by Piano is narrowly tailored to issues relating to the GMP and the Project. Indeed, the requested relief is well within the scope of Rule 2004 because it would authorize Piano to "determin[e] the nature and extent of the bankruptcy estate, reveal[] assets, examin[e] transactions and assess[] whether wrongdoing has occurred." Recoton, 307 B.R. at 755. Specifically, Piano seeks to determine whether, among other things, the Debtor misappropriated payments made by Piano to the Debtor under the GMP that were intended for subcontractors, suppliers and vendors for the Project. Finally, as noted above, although Piano is entitled to the requested documents under the General Conditions, the Debtor repeatedly has ignored Piano's requests for such documents.

20. Accordingly, for the reasons and authorities stated herein, Piano respectfully requests that the Court grant the Motion.

## **NOTICE**

21. As set forth above, Bankruptcy Rule 2004 motions are generally granted *ex parte*. Moreover, this Court's chambers procedures specifically authorize a party in interest to submit an order approving a motion under Bankruptcy Rule 2004 *ex parte*. Accordingly, Piano respectfully submits that no other or further notice need be provided for this Court to grant the requested relief.

*[Remainder of Page Intentionally Left Blank]*

**NO PRIOR REQUEST**

22.  No prior motion for the relief requested herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, Piano respectfully requests that this Court (i) enter the Proposed Order granting the relief sought herein, and (ii) grant such other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
       March 23, 2017

                                      COLE SCHOTZ P.C.

                                      */s/ Nolan E. Shanahan*
                                      Nolan E. Shanahan
                                      1325 Avenue of the Americas, 19th Floor
                                      New York, New York 10019
                                      Telephone: (212) 752-8000

                                      *Attorneys for Piano I, LLC*

## Exhibit A

**Proposed Order**

55834/0001-14238036v3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>TAOCON, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 16-13190 (SMB) |

**ORDER PURSUANT TO BANKRUPTCY RULE 2004
(I) AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE
PROVISION OF TESTIMONY TO CERTAIN OF THE DEBTOR'S PRINCIPALS
AND (II) COMPELLING THE PRODUCTION OF DOCUMENTS BY THE DEBTOR**

This matter coming before the Court on the motion (the "Motion")[1] of Piano I, LLC ("Piano") for entry of an order (i) authorizing Piano to issue subpoenas compelling oral examination under oath to each of (a) Steven Lamazor, President of the Debtor, (b) David Schlachet, Treasurer of the Debtor and (c) Mark Grady, Vice President of Operations of the Debtor (collectively, the "Principals"); and (ii) compelling the Debtor the respond to the document requests attached hereto as Exhibit I within twenty (20) days of entry of this Order; and the Court having reviewed and considered the Motion and accompanying papers; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) the Motion is properly made and considered *ex parte* and no further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; it is hereby

**ORDERED**, that, pursuant to Bankruptcy Rule 2004, Piano is authorized to issue a subpoena compelling oral examination under oath to each of the Principals on all matters within the scope of Bankruptcy Rule 2004(b), which examination shall be conducted upon at least

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

fifteen (15) days' prior written notice at the offices of Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor, New York, New York 10019, unless otherwise agreed between Piano and the applicable Principal, and it is further

**ORDERED**, that, pursuant to Bankruptcy Rule 2004, within twenty (20) days after entry of this Order, the Debtor shall respond to the document requests listed on <u>Exhibit I</u> hereto pursuant to the instructions therein by: (a) providing Piano with a written response that complies with the definitions and instructions therein; (b) providing Piano with a privilege log in accordance with Bankruptcy Rule 7026 for any document withheld from Debtor's production on the basis of privilege; and (c) producing to Piano at the offices of Cole Schotz P.C., 1325 Avenue of the Americas, 19th Floor, New York, New York 10019, the documents requested therein that are in the custody, control or possession of the Debtor; and it is further

**ORDERED**, that Piano is authorized to serve the subpoenas and any other documents to be served on the Debtor in connection with the relief granted hereunder via regular, first-class U.S. mail with copy via e-mail to the Debtor's counsel, and Debtor is required to serve all written responses to Piano as provided for in this Order via regular, first-class U.S. mail with copy via e-mail to Piano's counsel, Nolan E. Shanahan, whose e-mail is nshanahan@coleschotz.com; and it is further

**ORDERED,** that this Order is without prejudice to the rights of Piano to apply to the Court for further relief related to discovery of the Debtor or otherwise; and it is further

*[Remainder of Page Intentionally Left Blank]*

2

**ORDERED,** that this Court shall retain jurisdiction to resolve any issues with respect to this Order, the requested examinations and the production of documents.

Dated: New York, New York
      March __, 2017

                                HONORABLE STUART M. BERNSTEIN
                                UNITED STATES BANKRUPTCY JUDGE

**Exhibit I**

55834/0001-14238036v3

**Exhibit I**

## DEFINITIONS AND RULES OF CONSTRUCTION

1. Pursuant to Local Civil Rule 26.3, incorporated by reference in this proceeding pursuant to Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, the following definitions and rules of construction are deemed incorporated herein:

(a) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(b) The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(c) When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d) When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(e) A party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its members, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party.

(f) The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(g) The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(h) The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(i) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(j) The use of the singular form of any word includes the plural and vice versa.

2. The terms, "you," "your," and "Debtor" shall mean and refer to Taocon, Inc., its agents, members, employees, directors, offices, shareholders, representatives, subsidiaries, affiliates, related companies, predecessor companies, attorneys and/or all persons purporting to act on its behalf.

3. The term "General Conditions" shall mean and refer to the General Conditions of the Contract of Construction, between the Debtor and Piano relating to the Project.

4. The term "GMP" shall mean and refer collectively to the (i) Standard Form of Agreement Between Owner and Construction Manager as Constructor, dated as of September 2,

2

2014; (ii) Guaranteed Maximum Price Amendment; and (iii) General Conditions of the Contract of Construction, between the Debtor and Piano relating to the Project.

5. "Piano" shall mean and refer to Piano I, LLC, its agents, members, employees, directors, offices, shareholders, representatives, subsidiaries, affiliates, related companies, predecessor companies, attorneys and/or all persons purporting to act on its behalf.

6. The term "Project" shall mean and refer to the renovation project at the Property pursuant to the GMP.

7. The term "Property" shall mean and refer to that certain real property located at 45 East 65th Street, New York, New York 10065.

## INSTRUCTIONS

1. Each request shall be construed to include all documents within Debtor's possession, custody or control.

2. Electronically stored information is to be produced in native format, unless otherwise agreed between counsel or unless such information could not be retrieved or accessed with the use of commonly used commercial off-the-shelf software, in which event counsel is requested to contact the undersigned to discuss the form of production. In addition, it is requested that all electronically stored information be produced as .TIFF images with Concordance load files and shall be in searchable format (*i.e.*, OCR).

3. If Debtor withholds information otherwise discoverable by claiming that it is privileged or subject to protection as trial preparation material, Debtor must, consistent with Rule 7026 and Local Civil Rule 26.2 of the United States District Court for the Southern District of New York, expressly make such claim in a writing to Piano that provides a general description of the categories of documents being withheld and the basis for doing so, sufficient in detail for Piano to determine whether there is an adequate basis for invoking privilege or protection. Such

3

writing shall be served on Piano no later than upon the completion of the Debtor's document production.

    4.    If Debtor's response to any production request is any other objection, Debtor must produce all documents not covered by the objection and state the basis of the objection.

    5.    If any document responsive to these requests has been destroyed, state when the document was destroyed, identify the person who destroyed the document and the person who directed that it be destroyed. Additionally, detail the reasons for the destruction, describe the nature of the document, identify the persons who created, sent, received or reviewed the document and state in as much detail as possible the contents of the document.

    6.    All document requests concern the Project.

## DOCUMENTS REQUESTED

    1.    Agreements with subcontractors and service providers.

    2.    Purchase orders to subcontractors and service providers, where an agreement was not signed.

    3.    Work orders to subcontractors and service providers, where an agreement or a purchase order was not issued.

    4.    The account of each subcontractor, service provider and supplier, with list of payments and payment details.

    5.    Change orders submitted by subcontractors and service providers.

    6.    Invoices from suppliers and proof of payment.

    7.    Estimates from subcontractors, service providers and suppliers where other documents are not available, with proof of purchase and proof of payment.

    8.    Delivery receipts for all supplies.

9. The daily log with number of workers and their specialty.

10. Complete payroll sheets for the Debtor's employees assigned to the Project.

11. Logs or other documents used by the Debtor to track office and management personnel assigned to the Project and their hours of work on the Project.

12. Logs or other documents used by the Debtor to track drivers and vans assigned to the Project and their hours of work on the Project.

13. Payroll sheets for the Debtor's employees assigned to the Project.

14. NYS-45 forms including the employees and their compensation for the corresponding periods.

15. Breakdown of all expenses corresponding to all the above, such as sales tax, employer contributions, etc.

16. Rental agreements for storage and proof of payment.

17. Recurring fees, such as compensation of the fire alarm monitoring company, the alarm company and rental scaffolding.

18. Government and regulatory fees and expenses with proof of payment.

19. Fines and penalties paid by the Debtor.

20. Payments to consultants and other professionals, such as engineers or other specialists.

21. Street closing fees and other city permit related expenses and disbursements.

22. To the extent not included in the above-listed categories, all documents to which Piano is entitled under § 14.4.5 of the General Conditions.