UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re                                                                                         Chapter 7

Taocon, Inc.,                                                                        Case No. 16-13190 (SMB)

                Debtor.

-----------------------------------------------------------x

**CONSENT ORDER LIFTING THE AUTOMATIC STAY
AND ALLOWING MMS TO TAKE POSSESSION OF
STORAGE UNIT AND SELL OR DISPOSE OF CONTENTS**

      WHEREAS, on November 16, 2016, Taocon, Inc. ("Taocon" or the "Debtor") filed a voluntary petition in the Southern District of New York seeking relief under the provisions of Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

      WHEREAS, as further defined below, MMS asserts the Unit (defined herein) is subject to an executory contract (the "Occupancy Agreement") between the Debtor and Manhattan Mini Storage ("MMS").

      WHEREAS, on November 21, 2016, Kenneth P. Silverman, Esq. (the "Trustee") was appointed as the interim Chapter 7 Trustee, has since duly qualified, and is now the permanent trustee of the Debtor's case.

      WHEREAS, the Debtor has assigned no value to the contents of the Unit or the Occupancy Agreement on its schedules filed with its petition (the "Schedules").

      WHEREAS, the Schedules list MMS as holding an unsecured claim against the Debtor in the amount of $2,870.00 (the "Scheduled Claim").

      WHEREAS, the Trustee, through his counsel, has consulted with the Debtor's principal regarding the Unit and the value of the contents contained therein.

      WHEREAS, in the Trustee's business judgment, the Unit, the contents of the Unit, and the Occupancy Agreement are of *de minimis* value to the Debtor's estate and, therefore, the

Occupancy Agreement should be rejected and terminated, and MMS should be authorized to regain possession and empty the Unit of any remaining contents.

WHEREAS, MMS takes no position on the disposition of the Unit and simply seeks this Court's approval of this Consent Order authorizing MMS to take possession of the Unit and dispose of the Unit's contents without liability.

UPON THE CONSENT OF THE PARTIES HERETO, WHOSE SIGNATURES ARE AFFIXED BELOW, IT IS HEREBY:

ORDERED, that notice is adequate and complete and no further notice is required, including, but not limited to, notice that may otherwise have been required under Section 182 of the New York Lien Law and that all required notices have been provided to the Debtor and Trustee; and it is further

ORDERED, that pursuant to 11 U.S.C. 362(d), the automatic stay is lifted with respect to the Unit located at 420 East 62nd Street , New York, NY  10065, MMS Location Number 420, CBA Number 242995, Unit Number 420-03-06-37  (the "Unit") for the sole purpose of effectuating the terms of this Consent Order, and it is further

ORDERED, that any time after the later of March 15, 2017 or the entry of this Consent Order and this Consent Order becoming final and non-appealable, the Unit and any and all contents contained therein shall, pursuant to Bankruptcy Code section 554, be deemed abandoned and MMS is entitled to reclaim possession of the Unit and dispose of the contents therein in any manner MMS deems appropriate in its sole and absolute discretion (including by sale, disposal or otherwise) without any further notice of any kind to anyone and shall have no liability whatsoever; and it is further

ORDERED, that prior to the later of March 15, 2017 or the entry of this Consent Order and this Consent Order becoming final and non-appealable, the Trustee may remove any items he wishes from the Unit during MMS's regular business hours; and it is further

ORDERED, that with respect to any confidential documents, if any, the Trustee shall remove all confidential materials and MMS shall have no liability whatsoever to anyone for any action it takes with respect to any confidential materials; and it is further

ORDERED, that the Occupancy agreement is, pursuant to Bankruptcy Code section 365, deemed rejected are terminated, effective as of the date of entry of this Consent Order; and it is further

ORDERED, the Debtor, the Debtor's estate, and the Trustee waive any claims against MMS, whether under Section 182 of the New York Lien law or any other applicable law, relating to the Unit and/or the Occupancy Agreement; and it is further

ORDERED, that MMS releases and forever discharges the Trustee, the Trustee's professionals, the Debtor, and the Debtor's estate, from any and all claims (other than proofs of claim or scheduled claims), claims for relief, demands, costs, expenses, damages, liabilities, and obligations, including those arising out of or relating to the Unit and/or the Occupancy Agreement, and it is further

ORDERED, that this Order is effective in any future bankruptcy filing relating solely to the Debtor and no further relief from the automatic stay is required in the event of any such further filing; and it is further

ORDERED, that the Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Consent Order, including but not limited, to its enforcement and the implementation and interpretation of its terms and conditions; and it is further

ORDERED, that this Consent Order may be executed in one or more counterparts, with each part being deemed a part of the original document, and facsimile or other electronic signatures shall be deemed an original signature.

JSK/2033227.2/066610
134474494.3

~~Dated: Jericho, New York~~
~~March ___, 2017~~

~~By:_____~~
~~Justin S. Krell, Esq.~~
~~Attorneys for Kenneth P. Silverman,~~
~~Chapter 7 Trustee of Taocon, Inc.~~
~~Sillverman Acampora LLP~~
~~100 Jericho Quadrangle, Suite 300~~
~~Jericho, NY 11753~~

~~Dated: New York, New York~~
~~March ___, 2017~~

~~By:_____~~
~~Jeffrey D. Vanacore, Esq.~~
~~Attorneys for Manhattan Mini Storage~~
~~Perkins Coie, LLP~~
~~jvanacore@perkinscoie.com~~
~~30 Rockefeller Plaza~~
~~New York, NY 10112~~

~~Dated: New York, New York~~
~~March ___, 2017~~

_____
~~UNITED STATES BANKRUPTCY JUDGE~~

## MEMO ENDORSED

**The court declines to sign this order. The movant has failed to comply with Federal Bankr. R. 4001(d) and has also failed to file a certificate of service**

**SO ORDERED: 3/20/17**

                                   **SMB**
                                   **USBJ**