Darren Oved, Esq.
Edward C. Wipper, Esq.
OVED & OVED LLP
*Attorneys for Steven Lamazor,*
*David Schlachet, and Mark Grady*
401 Greenwich Street
New York, New York 10013

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

TAOCON, INC.,

Debtor.

-------------------------------------------------------------------X

Chapter 7

Case No. 16-13190 (SMB)

**THIRD PARTY RESPONDENTS' OBJECTION TO PIANO I, LLC'S
APPLICATION FOR AN ORDER AUTHORIZING THE ISSUANCE
OF SUBPOENAS FOR THE PROVISION OF TESTIMONY AND TO COMPEL THE
<u>PRODUCTION OF DOCUMENTS BY THE DEBTOR</u>**

Steven Lamazor, David Schlachet, and Mark Grady (collectively the "Third Party Respondents"), by and through their attorneys, Oved & Oved, LLP, hereby object (the "Objection") to Piano I, LLC's ("Piano") motion for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (1) authorizing the issuance of subpoenas for testimony to the Third Party Respondents, and (2) purporting to compel the production of documents by Taocon, Inc. (the "Debtor") (the "Motion").

In support of the Objection, the Third Party Respondents submit as follows:

**Preliminary Statement**

1. Piano's Motion is a thinly-veiled attempt to misuse Rule 2004 examinations as a back door to pursue discovery against three individuals that Piano is presently suing in New York County Supreme Court (the "Pending Proceeding") and, in doing so, to tactically and purposefully deny the Third Party Respondents the protections afforded by the disclosure rules of the New York Civil Practice Law and Rules (the "CPLR").

2. On its face, the Motion is an outright violation of the "pending proceeding rule," so much so that Piano is not even able to articulate in its Motion any basis for seeking Rule 2004 examinations against the Third Party Respondents except to adduce information that will undoubtedly be used to prosecute its claims against them in the Pending Proceeding.

3. Well-settled law expressly precludes Piano from obtaining permission to take these Rule 2004 examinations to advance its own litigation goals against the Third Party Respondents, and, as a matter of law, any such efforts must be rejected as abusive and harassing.

4. The discovery Piano seeks in this Motion must be denied and any depositions of the Third Party Respondents must take place in the Pending Proceeding where the Third Party Respondents will have the protections that litigants are entitled to under the CPLR, or in any adversary proceeding in this Court where the Third Party Respondents will have the protections of the Federal Rules of Civil Procedure (the "FRCP").

5. In addition to the fact that the information it seeks in these proposed Rule 2004 examinations undisputedly concerns matters that are being presently litigated against the Third Party Defendants, Piano's tactics are further underscored by the tactical timing of this Motion.

6. Piano's Motion was filed just **two days** after Justice Engoron, in an order in the Pending Litigation, rebuffed Piano's efforts to steal a default judgment and admonished Piano

for refusing to grant the Third Party Respondents a routine extension of time to respond to the complaint.

7. It was only after Piano realized that it would have to wait to take depositions in the ordinary course of the litigation it filed, like any other litigant, that it attempted to circumvent the process by attempting to improperly obtain permission to take their depositions via Rule 2004 examinations.[1]

## FACTS

**A.    The Pending Proceeding Naming the Third Party Respondents as Defendants**

8. Piano is a holding company that was set up by an individual named Joseph Bae to hold title to his mansion located on 45 East 65th Street in New York (the "Mansion").

9. On October 6, 2016, Piano commenced the Pending Proceeding against the Debtor and the Third Party Respondents in the Supreme Court of the State of New York, New York County under Index Number 655304/2016.

10. The defendants in that action, the Third Party Respondents in this action, made due demand for a complaint.

11. On November 15, 2016, Piano filed a complaint (the "Complaint").[2]

12. The Complaint in the Pending Proceeding alleges that the Third Party Respondents, who were officers of the Debtor, purportedly committed a "massive fraud" against Piano in connection with a construction project on the Mansion (the "Project") (*see* Motion ¶ 6).

---

[1] A copy of Justice Engoron's order in the Pending Proceeding is annexed to the attorney declaration of Edward C. Wipper, dated May 2, 2017 ("Wipper Dec."), as **Exhibit B**.

[2] A copy of the Complaint in the Pending Proceeding is annexed to Wipper Dec. as **Exhibit A**, and is cited herein as "State Court Cmpl. ¶ __."

13. According to Piano's allegations in the Complaint in the Pending Proceeding, the Third Party Respondents purportedly misappropriated payments made by Piano to the Debtor under the Debtor's contract with Piano (the "GMP") that were supposedly intended for subcontractors, suppliers, and vendors for the Project. *See* State Court Cmpl. ¶ 1.

14. The 25-page, 181-paragraph Complaint in the Pending Proceeding asserts seven causes of action against the Third Party Respondents for fraud, conversion, civil conspiracy, successor liability, breach of contract, fraudulent conveyance, and unjust enrichment, each of which arises out of these self-same allegations as those made against the Debtor. *See* State Court Cmpl. ¶ 142-181.

### B. Piano's Attempt to Misuse Rule 2004 to Get Additional Discovery Against the Third Party Respondents

15. On November 16, 2016, Debtor filed a voluntary petition for relief (the "Bankruptcy Petition") under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code").

16. Shortly thereafter, Piano attempted to steal a default judgment against Third Party Respondents. *See* **Exhibit B**.

17. Piano's lawyers denied the Third Party Respondents a routine extension of time to answer the Complaint in the Pending Proceeding. *Id.*

18. On December 1, 2016, the Third Party Respondents were forced to move for and obtain an extension from the Supreme Court, which Piano responded to with a vexatious motion for a default judgment. *Id.*

19. In the meantime, on March 10, 2017, Nolan Shanahan, Esq. of the law firm of Cole Schotz, P.C., the same lawyer and law firm that filed the Pending Proceeding against the

Debtor and the Third Party Respondents, also filed a Proof of Claim against the Debtor in this Court (the "Proof of Claim").[3]

20. As set forth in the Proof of Claim, the grounds for Piano's claim are the same allegations as those pleaded against the Third Party Respondents in the Pending Proceeding. *Compare* State Court Cmpl. ¶¶ 113, 114 *with* Proof of Claim at p.4.

21. Specifically, the Proof of Claim alleges that "the Debtor issued 18 . . . forms with respect to services allegedly provided by it and its subcontractors in connection with the Project under the GMP" and that "in excess of $1.7 million paid by Claimant to the Debtor in connection with the Projection that was intended for subcontractors, suppliers and vendors under the GMP was instead misappropriated to, and kept by, the Debtor." Proof of Claim at p.4.; *Compare* State Court Cmpl. ¶¶ 31-110, 113, 114 *with* Proof of Claim at p.4.

22. On March 21, 2017, Justice Engoron granted the Third Party Respondents' motion for an extension of time to respond to the Complaint, holding as follows:

> The Court is troubled that, instead of simply granting Defendants an extension of time to answer without conditions, plaintiff caused Defendants to move for such relief and then moved for a default judgment during the pendency of Defendants' motion.

*See* **Exhibit B.**

23. On March 23, 2017, **two days** after Piano's efforts to steal a judgment were rebuffed by Justice Engoron in the Pending Proceedings, Piano filed the instant Motion seeking the oral examination of the Third Party Respondents on "all matters within the scope of Bankruptcy Rule 2004(b)" (Motion ¶ 12).

---

[3] A copy of the Proof of Claim is available on the SDNY Claims Register as Claim No. 21, and is cited herein as "Proof of Claim."

24. On its face, the Motion seeks the deposition of the Third Party Respondents in order to collect information and evidence that are at the center of the issues that are to be adjudicated in the Pending Proceeding.

25. Specifically, in Paragraph 19 of the Motion, Piano states as follows:

Piano seeks to determine whether, among other things, the Debtor misappropriated payments made by Piano to the Debtor under the GMP that were intended for subcontractors, suppliers, and vendors for the Project.[4]

*Compare* Motion ¶ 19 *with* State Court Cmpl. ¶ 1.

## ARGUMENT

### I.  PIANO'S MOTION FOR PERMISSION TO DEPOSE THE THIRD PARTY RESPONDENTS MUST BE DENIED

26. The "pending proceeding rule" prohibits a Rule 2004 examination "once an adversary proceeding or contested matter is commenced," as "discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *In re Glitnir banki hf*, No. 08-14757 (SMB), 2011 Bankr. LEXIS 3296, *12 (Bankr. S.D.N.Y. Aug. 19, 2011) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)).

27. A Rule 2004 examination is only proper when it is limited to "a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge or the dischargeability of a particular debt." *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (internal citations omitted); *see also In re Almatis B.V.*, Case No. 10-12308, 2010 Bankr. LEXIS 4243, *9 (Bankr. S.D.N.Y. Nov. 24, 2010) ("If an adversary proceeding or a contested matter is pending, then Federal Rules of Bankruptcy Procedure 7026-7037 apply and Rule 2004 should not be used") (internal citations omitted)).

---

[4] The Trustee of the Bankruptcy Estate has not made any similar request for the testimony of the Third Party Respondents.

28. **The pending proceeding rule applies equally to contested matters in state court.** *See Snyder v. Society Bank*, 181 B.R. 40, 41-42 (N.D. Tex. 1994) *aff'd sub nom. In re Snyder*, 52 F.3d 1067 (5th Cir. 1995) (use of a Rule 2004 examination to advance a state court litigation was improper and the bankruptcy court may deny an application whose primary purpose was to gain materials to advance the applicant's state court action); *see also In re Glitnir banki hf,* 2011 Bankr. LEXIS 3296 at *12; *In re Enron Corp.*, 281 B.R. at 842.

29. The purpose behind the pending proceeding rule is to prevent a party from using a Rule 2004 examination to circumvent an opposing party's rights by using Rule 2004 to avoid the more restrictive discovery rules in other forums in order to obtain documents or information relevant to the other proceeding. *See In re Millennium Global Emerging Credit Master Fund Ltd.*, 471 B.R. 342, 347 (Bankr. S.D.N.Y. 2012) (citing *In re Enron*, 281 B.R. at 841).

30. Specifically, an examination under Rule 2004 has been described as "broad and unfettered, in the nature of fishing expeditions." *In re Enron*, 281 B.R. at 840.

31. A Rule 2004 examination is broad and lacks many of the procedural safeguards afforded to parties during civil litigation, such as the witness's right to be represented by counsel, the right to object to immaterial or improper questions, the right to cross-examine witnesses, and the right to have issues defined beforehand. *See In re Enron Corp.* at 841 (quoting *In re Dinubilo*, 177 B.R. 932, 939-40 (Bankr. E.D. Cal. 1993)).

32. Indeed, due in large part to the differences in protections afforded to the party from which the applicant is seeking discovery, courts have expressed grave concerns with Rule 2004 applications where the party seeking the examination is doing so for the purpose of circumventing the safeguards of civil discovery rules. *Id.*

33. The use of a Rule 2004 examination by a party seeking the examination in order to advance that party's own goals in a pending state court action is, as a matter of law, harassment and abuse that mandates a protective order against the examination. *See Snyder v. Society Bank*, 181 B.R. 40, 41-42 (N.D. Tex. 1994).

34. As such, a Rule 2004 examination must be done for a permissible purpose, and when the request is for an impermissible purpose, the request must be denied. *See In re Enron Corp.*, 281 B.R. at 842.

35. Where, as here, a party to a pending state court proceeding seeks a Rule 2004 examination of a person who is its adversary in a pending litigation, the request is impermissible unless the Rule 2004 examination seeks discovery *unrelated* to the pending litigation. *See In re Bennett Funding Grp., Inc.*, 203 B.R. at 29. Conversely, where such information sought is so related, discovery pursuant to a Rule 2004 examination is impermissible. *Id.* at 30.

36. For example, in *Bennett Funding*, the Court denied the trustee's efforts to obtain a Rule 2004 examination of third-parties who were also defendants in a pending adversary proceeding on the grounds that it violated the Pending Proceeding Rule. *Id.* at 26-27.

37. There, the trustee's subpoena sought a wide range of documents from the third-party, all relating to the third-party's interactions with the debtor, which included matters that were covered by the adversary proceeding, including the allegations that the third-party defendant and others had created "a financial superweb." *Id.* at 29-30.

38. The Court held that permitting the Rule 2004 examination "would unavoidably and unintentionally create a back door through which the Trustee could circumvent the limitations of [the FRCP]." *Id.* at 30.

39. The *Bennett Funding* Court found that the most important aspect for a court to focus on while deciding whether or not to grant a Rule 2004 examination is "the relationship between the requesting party and the information and parties the examination has targeted," holding that where there are adverse parties in an already pending proceeding, a deposition must take place through conventional means, not via a Rule 2004 subpoena. *Id.*

40. Here, the facts mandating denial are far more compelling than in *Bennett Funding*, and Piano's attempt to use Rule 2004 is far more egregious than the one denied by the Court in *Bennett Funding*.

41. Piano has sued the Third Party Respondents in State Court.

42. Unlike *Bennett Funding,* where the trustee's subpoena delved into many areas both related and unrelated to the prior proceedings, Piano's Rule 2004 application plainly and **solely** seeks information from the Third Party Respondents relating to Piano's allegations of a so-called "massive fraud" in the Complaint.

43. Piano has not articulated any other reason for wanting these examinations except for its desire "to determine whether, among other things, the Debtor misappropriated payments made by Piano to the Debtor under the GMP that were intended for subcontractors, suppliers and vendors for the Project." (Motion ¶19) (emphasis added).

44. In fact, because (i) Piano, the plaintiff in the Pending Proceeding, (ii) seeks information solely related to the allegations of wrongdoing against the Third Party Respondents in the Pending Proceeding, from (iii) the Third Party Respondents, who are the defendants in the Pending Proceeding, the Motion, on its face, does not even pass the "smell test" articulated by many courts in rebuffing efforts by parties to misuse Rule 2004 to advance their own self-serving goals in pending litigation. *See, e.g., In re Duratech Indus,* 241 B.R. 283, 289 (E.D.N.Y. 1999)

(it was proper for the court to deny an application that "did not pass the 'smell test'" where the evidence examined by the court indicated that the applicant was using a Rule 2004 examination as a pretext to "harass and abuse" the proposed examinee).

45. Moreover, this is not the first time that Piano has resorted to sharp practice and attempted to manipulate the judicial system to gain a tactical advantage.

46. It is not a coincidence that the filing of this Motion comes on the heels, *i.e.* two days, after Justice Engoron refused to allow these hotly contested issues in the Pending Proceeding to be decided on default rather than on the merits.

47. Instead of waiting to conduct its discovery in due course in the Pending Proceeding like any other party in litigation, Piano has now attempted to jump the line and circumvent discovery in the Pending Proceeding in derogation of the rights of the Third Party Respondents.

48. These tactics and attempts to manipulate the judicial system for Piano's own advantage are precisely the type of harassment and abuse of Rule 2004 examinations that the Pending Proceeding Rule was designed to protect against.

49. As defendants in the Pending Proceeding, the Third Party Respondents are entitled to the more restrictive discovery protections afforded to them by the CPLR and the FRCP. *See In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985) (when pre-trial discovery is sought from an adversary, as Piano seeks to do here, the proper discovery tools are through the FRCP or the relevant state court procedure, not a Rule 2004 examination.)

50. Those protections include the rights limiting the scope of discovery, the right to counsel at their examinations, and the right to object to Piano's questions, among others.

51.     Instead of affording them these protections and proceeding in due course and in accordance with the law, Piano is attempting to avail itself of the far broader scope of discovery under Rule 2004 to gather evidence and sworn statements that it will undoubtedly seek to use against the Third Party Respondents in the Pending Proceeding or in other litigation.

52.     Permitting Piano to circumvent the pending proceeding rule and to misuse Rule 2004 examinations will lead to irreparable harm and prejudice to the Third Party Respondents in defending against the claims in the Pending Proceeding, particularly if their rights to counsel and their right to object are abridged.

53.     Accordingly, as a matter of law, Piano's Motion must be denied.

## CONCLUSION

For the reasons set forth above, the Court should deny Piano's Motion in its entirety.

Dated: New York, New York
       May 2, 2017

>                          By:     __/s/ Edward C. Wipper_____
>                                  Darren Oved, Esq.
>                                  Edward C. Wipper, Esq.
>                                  OVED & OVED LLP
>                                  *Attorneys for Steven Lamazor,*
>                                  *David Schlachet, and Mark Grady*
>                                  401 Greenwich Street
>                                  New York, New York 10013
>                                  Tel.: 212.226.2376